Filed 5/12/15  Daire v. Mason CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MELINDA LEAH DAIRE, | B252567 |
| Plaintiff and Appellant, | (Los Angeles County |
| v. | Super. Ct. No. BF043273) |
| ROGER P. MASON, JR., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Mark A. Juhas, Judge.  Affirmed.

Melinda Leah Daire, in pro. per., for Plaintiff and Appellant.

Trope and Trope and Brian P. Lepak for Defendant and Respondent.

_____

This appeal stems from a child custody ruling. Appellant Melinda Leah Daire (Melinda), who appears in propria persona and lives in Los Angeles, and Roger P. Mason, Jr. (Roger),[1] who lives on the east coast, are the parents of three-year-old Roger M. (Czar) (born Aug. 2011). Following a bench trial, the trial court awarded Roger sole legal custody of Czar as to medical and educational issues and primary physical custody, specifying visitation rights. Melinda contends the trial court erred in denying her ex parte application to strike the child custody evaluation report and that no substantial evidence supports the court's custody order. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 5, 2012, when Czar was six months old, Melinda and Roger, who have never lived together, stipulated to the appointment of James T. Long, Ph.D. as the child custody evaluator in this case, pursuant to Evidence Code section 730 (section 730). The stipulated order stated that Dr. Long was "to file a written report and be available to testify on July 18, 2012, if necessary."

Displeased with Dr. Long's report, Melinda filed an ex parte application to continue the child custody hearing and request that her own expert be appointed pursuant to Evidence Code section 733. The ex parte application was granted. The matter was continued to September 5, 2012, and Melinda retained Jeffrey Arden, Ph.D. Melinda subsequently made an ex parte request for another continuance of the custody hearing, which was also granted.

On September 14, 2012, Melinda and Roger each filed ex parte applications. Melinda sought to set the parameters of Dr. Arden's evaluation and request that Roger make himself available to Dr. Arden for evaluation. Roger sought to modify the March 5, 2012 stipulated order by specifying the scope of Dr. Long's evaluation and to give each party an opportunity to submit any further written information to Dr. Long. In arguing his position to the trial court, Roger's attorney explained that he did not want

---

[1]    Because the parties refer to themselves by their first names, we do so as well.

2

Melinda to later be able to challenge Dr. Long's evaluation on the ground that the stipulation did not comply with California Rules of Court, rule 5.220 (rule 5.220).[2]

Melinda's attorney responded: "We're not going to be . . . objecting to that. . . . It's fine the way it is. . . . We'll waive that because that's fine. . . . [¶] . . . [¶] His report can be in. It's not a problem." Roger's attorney then stated: "So my understanding is they're waiving any argument that Dr. Long's order appointing him is not compliant with Rule 5.220, is that your understanding, your Honor?" The trial court responded that it was the ruling of the court. Melinda's attorney responded, "That's fine." In denying Roger's request to modify the stipulated order, the trial court's written order stated: "The Court finds that [Melinda] waives any objection pursuant to California Rule of Court[, rule] 5.220 as to the [Evidence Code section] 730 custodial evaluation performed by Dr. James Long."

Six months later, on March 6, 2013, Melinda filed an ex parte application to "quash, nullify, cancel, rescind and invalidate" Dr. Long's evaluation based on violations of rule 5.220 and other Rules of Court, Dr. Long's bias against Melinda, and Dr. Long's improper ex parte communications. The application was denied without prejudice.

Trial took place in May and June of 2013. Melinda was reminded of her waiver of the rule 5.220 objection. Melinda stipulated to Dr. Long's qualifications as a child custody evaluator, and to the admissibility of his files, notes and evaluation report, and introduced these exhibits into evidence. Melinda called Dr. Long as the first witness in her direct case. She also introduced as her own exhibits numerous ex parte e-mails between Dr. Long and the parties and/or their counsel. Melinda did not call Dr. Arden as a witness or any other Evidence Code section 733 expert. In closing argument, Melinda's attorney sharply criticized Dr. Long's testimony and evaluation report and repeatedly asked the trial court to consider the evidence offered through Dr. Long with the same critical eye.

---

**2** Rule 5.220(d)(1)(B)(ii) requires the court to give the evaluator, before the evaluation begins, a copy of the court order that specifies "[t]he purpose and scope of the evaluation." (*In re Marriage of Seagondollar* (2006) 139 Cal.App.4th 1116, 1132.)

In making its custody rulings, the trial court stated in its tentative statement of decision that it "did not place a great deal of emphasis on this report, as the court did not find it to be too helpful." Melinda filed written objection to the tentative statement, which became the final judgment of the court. Melinda then filed this appeal.

## DISCUSSION

**I. No Demonstration of Error in Denial of Ex Parte Request to Strike Dr. Long's Evaluation**

Melinda contends that the trial court's denial of her ex parte application to strike Dr. Long's section 730 evaluation denied her a fair child custody hearing because Dr. Long was biased against her, made improper ex parte communications, violated Rules of Court, and made false and inaccurate statements in his evaluation.

Initially, we give no consideration to Melinda's argument that Dr. Long's evaluation should be stricken because the trial court failed to set forth the scope of Dr. Long's evaluation before it took place, pursuant to rule 5.220(d)(1)(B)(ii). Melinda's attorney expressly waived this objection at the September 14, 2012 hearing. Melinda cannot change her position on appeal.

There are problems with Melinda's other arguments. First, the minute order denying her ex parte application to strike Dr. Long's evaluation states that at the hearing on the application Melinda testified under oath and counsel made arguments. But there is no reporter's transcript of this hearing in the record on appeal. "'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) The minute order does not reflect the basis for the trial court's denial. In the absence of the reporter's transcript, we do not have all the information that was before the trial court when making its ruling. Because the record on appeal is incomplete, Melinda has not met her burden of demonstrating error by the trial court.

Second, the ex parte application was denied *without prejudice*. Yet, Melinda never renewed her motion to strike Dr. Long's evaluation at or before trial. Instead, she

4

stipulated to his qualifications as a child custody expert. She stipulated to the admissibility of his notes, files and evaluation report, even introducing these documents into evidence herself. She called Dr. Long as her first witness, questioning him extensively. She never called her own retained expert, Dr. Arden, or any other child custody expert, as a witness. She also introduced numerous ex parte e-mails by Dr. Long, and never sought to exclude Dr. Long's testimony or the evidence introduced through him, though she claims that much of it was inaccurate and improper.

In any event, the trial court made clear that it did not place much emphasis on Dr. Long's evaluation report because it did not find the report too helpful. To the extent the trial court considered the report, Melinda cannot be heard now to complain about this on appeal, especially given her attorney's repeated requests to the trial court to consider and weigh Dr. Long's testimony and report.

## II. **No Demonstration that Custody Order Lacked Substantial Evidence**

In her second contention, Melinda appears to be arguing that there was no substantial evidence to support an order granting physical custody of Czar to Roger. She asserts that Dr. Long's evaluation does not contain "substantial evidence of a change of circumstances or substantial evidence that awarding sole legal and physical custody to Roger would be in the best interest of the minor child."

Melinda cites no authority for the proposition that Roger had to show a change in circumstance at the time of trial in order to be awarded custody of Czar. Rather, as the trial court noted, the standard is the best interest of the child. The trial court has the "widest discretion to choose a parenting plan that is in the best interest of the child." (Fam. Code, § 3040, subd. (c).) "The court may, during the pendency of a proceeding or at any time thereafter, make an order for the custody of a child during minority that seems necessary or proper." (Fam. Code, § 3022.)

The last custody order in effect before trial gave primary custody to Roger pending trial. Melinda has not demonstrated why that order should have been modified at trial to give her physical custody of Czar. She repeats her critiques of Dr. Long's evaluation and faults the trial court for its "cryptic" ruling. But the trial court spent

5

nearly half of its 20-page tentative statement of decision detailing its reasons for awarding primary physical custody to Roger. The court concluded: "[T]his court is to make a determination in the child's best interest. One of the factors to consider is which parent will more likely cooperate with a long distance co-parent in facilitating visitation. Of the two parents here it appears that [Roger], based on past actions, is more likely to assure an ongoing relationship between Czar and [Melinda]. In the absence of any other solid reliable guiding evidence this factor becomes a key component in any judicial determination. In fact, this component weighed heavily on the court." In essence, Melinda is asking us to reweigh the evidence and the trial court's credibility determinations. We are not permitted to do so.

## DISPOSITION

The judgment is affirmed. Roger is entitled to recover his costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, Acting P. J.
　　　　　　　ASHMANN-GERST


We concur:


_____,J.
　　　　CHAVEZ


_____, J.
　　　　HOFFSTADT

6